

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMILLE CLARK, ) | |
| ) | |
| Petitioner, ) | 3:07-cv-0490-RCJ-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| McDANIEL, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

Petitioner was charged with four counts of conspiracy to commit robbery, fourteen counts of robbery with the use of a deadly weapon, and four counts of burglary while in possession of a firearm. (Exhibit 2).[1] The matter proceeded to trial, which was held from May 31, 2005, through June 2, 2005. (Exhibits 2-6). Petitioner was sentenced to 24-60 months on each of the four conspiracy counts; 60-180 months on each of the robbery counts, plus equal and consecutive terms

---

[1] The exhibits referenced in this order appear in the Court's record at ECF No. 16 & 24.

of 60-180 months for use of a deadly weapon on each robbery count; and 36-90 months on each of the burglary counts.

Petitioner filed a notice of appeal from his conviction. (Exhibit 9). On May 24, 2006, the Nevada Supreme Court affirmed the judgment of conviction. (Exhibit 10).

On September 1, 2006, petitioner filed a post-conviction habeas petition in state court. (Exhibit 12). The petition was denied by the trial court. (Exhibit 13). Petitioner appealed, and the Nevada Supreme Court affirmed the denial of the state habeas petition in an order entered September 25, 2007. (Exhibit 14).

Petitioner dispatched his federal habeas petition to this Court on October 17, 2007. (ECF No. 6). Respondents filed a motion to dismiss the petition on June 19, 2008. (ECF No. 16). On January 21, 2009, this Court denied petitioner's motion to dismiss and directed respondents to file an answer. (ECF No. 20). Respondents filed an answer. (ECF No. 24). Petitioner filed an opposition to the answer, which is construed as a reply. (ECF No. 25).

## II. Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

2

to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams,* 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams,* 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied,* 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

    **A. Ground One**

Petitioner alleges that "during closing arguments, the prosecution repeatedly made improper arguments and committed prosecutorial misconduct which deprived petitioner of his rights . . . ." (ECF No. 6, at p. 3). Petitioner raised this claim in his direct appeal to the Nevada Supreme Court,

3

and the issue was discussed in the Court's order of affirmance. (Exhibit 10). In denying the claim, the Nevada Supreme Court noted that petitioner failed to make a timely objection, and relied on *Allred v. State*, 120 Nev. 410, 418, 92 P.3d, 1246, 1252 (2004), for the rule that "failure to object to an issue at trial will generally preclude appellate review of that issue unless there is plain error." (Exhibit 10, at p. 2). The Nevada Supreme Court went on to find that petitioner failed to show plain error. The Court ruled that:

> Even assuming it was error for the state to make such an argument, improper comments may constitute harmless error when there is overwhelming evidence of guilt and the remarks did not contribute to the verdict. Here, there was overwhelming evidence of Clark's guilt consisting of videotape footage, photographs, multiple victim and eyewitness accounts of Clark as a perpetrator and latent fingerprints.

(Exhibit 10, at p. 2) (footnotes and citations omitted). In rendering its decision, the Nevada Supreme Court cited and used the correct federal standard, *United States v. Young*, 470 U.S. 1 (1985). When a party fails to lodge an objection, a reviewing court should conduct a harmless error analysis. *United States v. Young*, 470 U.S. at 6 (citing *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

In the instant case, the Nevada Supreme Court found no harmless error, as there was overwhelming evidence of petitioner's guilt. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to Ground One.

**B. Ground Two**

Petitioner alleges that his trial counsel failed to object to the "all white jury." Petitioner further alleges that his trial counsel failed to object to a jury that did not comprise a fair cross-section of the community. (ECF No. 6, at p. 6). As to the first part of petitioner's claim, this was raised in petitioner's state habeas petition. In ruling on the claim, the Nevada Supreme Court held:

4

> Appellant did not demonstrate that his trial counsel acted unreasonably in failing to object to the composition of the jury or that he was prejudiced by his counsel's failure to do so. Appellant did not have the "right to a 'petit jury composed in whole or in part of persons of his own race.'" Further, appellant did not allege, and there is nothing in the record to suggest, that the State exercised its peremptory challenges on the basis of race. The record indicated that three African-Americans were initially seated on appellant's jury; however, the district court removed one of the individuals for cause, and the defense exercised its peremptory challenges to remove the other two individuals. Therefore, the district court did not err in denying this claim.

(Exhibit 14, at pp. 3-4) (footnotes and citations omitted). In ruling on this claim, the Nevada Supreme Court cited and applied *Strickland v. Washington*, 466 U.S. 668 (1984) and *Batson v. Kentucky*, 476 U.S. 79, 85 (1986), the correct federal standards. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the first part of Ground Two.

As to the second part of Ground Two, the allegation that his trial counsel failed to object to a jury that did not comprise a fair cross-section of the community, this issue was raised in petitioner's state habeas petition. In ruling on the claim, the Nevada Supreme Court held:

> To demonstrate a prima facie violation of the fair cross-section requirement, a defendant must demonstrate that (1) the group he alleges was excluded was "a distinctive group in the community;" (2) the group's representation "in jury venires is not fair and reasonable in relation to the number of such persons in the community;" and (3) the underrepresentation is due to "systematic exclusion of the group in the jury-selection process." Appellant failed to carry the burden of establishing a prima facie violation of this doctrine. Although he sufficiently identified distinctive groups, he failed to carry his burden of establishing either underrepresentation or systematic exclusion. First, although he stated that three members of his jury panel were African-American, appellant did not provide the statistical data necessary for determining relative underrepresentation as required by

5

> the second prong of the Duren test. Second, appellant failed to demonstrate that the alleged underrepresentation was due to systematic exclusion of African-Americans or other distinctive groups in the jury selection process as required by the third prong. Because appellant failed to establish a prima facie violation of the fair cross-section doctrine, we conclude that appellant's counsel was not ineffective for failing to object. Therefore, the district court did not err in denying this claim.

(Exhibit 14, at pp. 4-5) (footnotes and citations omitted). The Nevada Supreme Court cited and applied *Strickland v. Washington*, 466 U.S. 668 (1984) and *Duren v. Missouri*, 439 U.S. 357 (1979), the correct federal standards. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the entirety of Ground Two.

### C. Ground Three

Petitioner asserts that he was denied effective assistance of counsel under the Sixth Amendment. Petitioner alleges that his counsel was ineffective in the following ways: (1) advising petitioner to waive his right to a preliminary hearing; (2) failing to remain in contact with him prior to trial; (3) failing to contact witnesses, obtain expert testimony regarding fingerprint and identification evidence, conduct DNA testing, and ensure a physical lineup; and (4) failing to object to prosecutorial misconduct (improper statements) during trial. (ECF No. 6, at pp. 11-30).

#### 1. Advising Petitioner to Waive his Right to Preliminary Hearing

The Nevada Supreme Court held that petitioner did not establish a prima facie claim of ineffective assistance of counsel, as follows:

> Appellant did not establish that he was prejudiced by his counsel's actions. The district court personally addressed appellant concerning the waiver of his right to a preliminary hearing. Appellant waived his right in open court after he was advised by the court that his waiver was unconditional and could not be withdrawn if the plea negotiations

6

> did not result in an acceptable plea bargain. Moreover, there was overwhelming evidence of appellant's guilt. Six witnesses from three of the four locations identified appellant as one of the men involved in the robberies. Surveillance video and photographs of all four of the robberies were shown to the jury. Appellant's uncle identified him in the surveillance photographs and testified to that effect. In addition, appellant's fingerprint was recovered from one of the crime scenes. As there was overwhelming evidence of appellant's guilt, and appellant voluntarily and unconditionally waived his right to a preliminary hearing, he did not show that he was prejudiced by his counsel's advice. Therefore, the district court did not err in denying this claim.

(Exhibit 14, at pp. 5-6) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the first part of Ground Three, Part One.

### 2. Failing to Remain in Contact Prior to Trial

Petitioner asserts that his trial counsel failed to maintain adequate contact with him prior to trial. The Nevada Supreme Court considered this claim and rejected it:

> Fourth, appellant claimed that his counsel was ineffective for failing to remain in contact with him prior to trial. Appellant did not allege any specific facts in relation to his claim. A petitioner is not entitled to relief where his claims are unsupported by any specific factual allegations. Therefore, the district court did not err in denying this claim.

(Exhibit 14, at p. 6) (footnotes and citations omitted). Petitioner's federal petition contains no more specific factual allegations than his state petition did. The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was

7

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the first part of Ground Three, Part Two.

### 3. Failing to Contact Witness, Obtain Expert Testimony Regarding Fingerprint and Identification Evidence, and Failure to Conduct DNA Testing and Physical Line-up

Petitioner claims that his trial counsel failed to contact witness, failed to obtain expert testimony regarding fingerprint and other identifying evidence, and failed to conduct DNA testing and a physical line-up. The Nevada Supreme Court ruled on this claim and rejected it:

> Appellant did not demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to identify possible or potential experts on fingerprints or identification evidence or the potential testimony these experts would have offered. Appellant provided no support, other than his bare allegation, that his counsel did not interview the witnesses. Moreover, appellant did not identify the information that would have been obtained had his counsel interviewed the witnesses. Further, appellant did not show that a possible negative test for his DNA on the sweater that the State alleged he wore during the robberies would have significantly undermined the numerous witness identifications and surveillance footage of him at the robberies, and thus appellant failed to demonstrate that such evidence would have altered the outcome of the case. Lastly, appellant did not establish that a line-up in court would have undermined the testimony of all six witnesses that identified him and rendered the surveillance footage of the robberies unreliable. Thus, appellant did not show that further investigation by his counsel would have resulted in a different outcome at trial. Therefore, we conclude that the district court did not err in denying this claim.

(Exhibit 14, at p. 7) (footnotes and citations omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the first part of Ground Three, Part Three.

8

### 4. Failing to Object to Prosecutorial Misconduct (Improper Statements)

Petitioner alleges that his counsel was ineffective for failing to object to the alleged improper statements by the prosecutor during closing arguments. As discussed earlier in this order, on direct appeal, the Nevada Supreme Court found no prosecutorial misconduct attributable to the statements made by the prosecutor during closing arguments. (Exhibit 10, at p. 1-3). The Nevada Supreme court found that, even assuming it was error for the State to make the challenged statements in closing argument, such error was harmless in light of the overwhelming evidence of petitioner's guilt. (Exhibit 10, at p. 2). In ruling on this issue on appeal from the denial of the state petition, the Nevada Supreme Court held:

> Ninth, appellant claimed that his counsel was ineffective for failing to object to prosecutorial misconduct. This court considered and rejected an identical claim of prosecutorial misconduct on direct appeal. The doctrine of the law of the case prevents further litigation of the issues and cannot be avoided by a more detailed and precisely focused argument. Further, given the overwhelming evidence of guilt, appellant failed to demonstrate that the alleged misstatement prejudiced the outcome of the trial. Therefore, the district court did not err in denying this claim.

(Exhibit 14, at pp. 11-12). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court will deny habeas relief with respect to the first part of Ground Three, Part Four. In summary, petitioner is not entitled to federal habeas relief as to any portion of Ground Three.

### IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels,* 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id. (quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

IT IS FURTHER ORDERED that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

IT IS FURTHER ORDERED that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY**.

Dated: February 25, 2011

_____
UNITED STATES DISTRICT JUDGE